J-A16024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MACK DEBOIS | : | |
| | : | |
| Appellant | : | No. 503 EDA 2024 |

Appeal from the PCRA Order Entered January 2, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004319-2018

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:       **FILED SEPTEMBER 12, 2025**

Mack Debois appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. Counsel has filed a motion to withdraw and an accompanying ***Turner***/***Finley*** brief.[1] For the reasons that follow, we affirm the denial of post-conviction relief and grant counsel's motion to withdraw.

The pertinent facts and prolonged procedural history may be summarized as follows. On February 7, 2019, Debois entered a negotiated plea to third-degree murder. At the time of his oral plea colloquy, the Commonwealth provided the factual basis:

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[Debois, then age 60,] and Mary Ellen Davis Pitman, who was 67 at the time of her death, enjoyed an on and off relationship. At some point on the evening of February 12, 2018 into the early morning hours of February 13, 2018, [Debois] caused Ms. Pitman's death. He did so, we know, from his confession to [d]etectives, by striking her multiple times.

On February 13, 2018, [Debois] called 9-1-1 multiple times from various pay phones requesting EMS assistance at the area of 7100 Oxford Avenue. Initially, he did not give the correct address, but EMS was able to locate her in her apartment. Ms. Pitman was located on her bed, barely clothed, and she was pronounced dead at that time by EMS.

N.T., 2/7/19, at 15.

Prior to Debois' plea hearing, the trial court ordered two mental evaluations that each determined Debois was capable and competent to proceed in his case. As noted above, Debois' plea hearing occurred on February 7, 2019. At the hearing the trial court went over Debois' written guilty plea colloquy and conducted an oral colloquy before accepting his guilty plea as knowingly and voluntarily entered. That same day, the trial court sentenced Debois to the negotiated sentence of fifteen to thirty years of imprisonment.[2] Debois filed neither a post-sentence motion to withdraw his guilty plea nor a direct appeal.

On September 26, 2019, Debois filed a *pro se* PCRA petition, asserting that plea counsel was ineffective for not investigating his case and his competency to plead guilty. The PCRA court appointed counsel, and, on July 28, 2020, first PCRA counsel filed a *Turner*/*Finley* no-merit letter and a

_____

[2] In addition, the Commonwealth withdrew multiple other charges. *See infra*.

motion to withdraw. On October 7, 2020, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Debois' petition without a hearing. Debois filed a *pro se* response in which he requested an extension of time to file an amended PCRA petition. Without ruling on this request, the PCRA court dismissed Debois' first petition and permitted first PCRA counsel to withdraw.

Debois filed a timely *pro se* appeal. By order entered June 29, 2021, the PCRA court directed that counsel be appointed "in this direct appeal to Superior Court." Thereafter, the court appointed counsel, and second PCRA counsel filed an **Anders**[3] brief and petition to withdraw. On December 10, 2021, we stated that our review of the record indicated that second PCRA counsel did not serve a copy of the **Anders** brief and motion to withdraw on Debois. We therefore denied counsel's motion to withdraw and directed counsel to comply with the **Turner**/**Finley** requirements. We also retained jurisdiction. **See Commonwealth v. Debois**, 270 A.3d 1131 (Pa. Super. 2021) (non-precedential decision).

Consistent with this Court's directives, second PCRA counsel refiled the pertinent documents along with a proof of service and a verified statement confirming his service of the filings on Debois. On June 13, 2022, noted that second PCRA counsel filed an **Anders** brief under the mistaken belief that Debois' direct appeal rights were reinstated. Accordingly, second PCRA counsel analyzed whether Debois had entered a valid guilty plea—a claim not

---

[3] **Anders v. California**, 386 U.S. 738 (1967).

- 3 -

cognizable under the PCRA. This Court reasoned that second PCRA counsel's *Anders* brief may have misled Debois as to the nature of the proceedings. Additionally, we determined that the PCRA court mistakenly did not rule on Debois' request for leave to amend his petition. Given these circumstances, this Court vacated the order dismissing Debois PCRA petition and again remanded so that the PCRA court could consider Debois' request to file an amended petition. *See Commonwealth v. Debois*, 281 A.3d 1062 (Pa. Super 2022) (non-precedential decision).

On second remand, the PCRA court granted second PCRA counsel's motion to withdraw and appointed third PCRA counsel. On February 23, 2023, third PCRA counsel filed a *Turner*/*Finley* letter and a motion to withdraw. By order entered May 30, 2023, the PCRA court permitted third PCRA counsel to withdraw, and ordered that "within 90 days [Debois] either file a *pro se* Amended PCRA Petition or retain private counsel to assist [Debois] in this matter." Debois did not do so.

On August 23, 2023, the PCRA court issued Rule 907 notice of its intent to dismiss Debois' petition without a hearing. Debois filed a *pro se* request for an extension of time, which the PCRA court granted, and Debois filed a *pro se* response on December 15, 2023. By order entered January 2, 2024, the PCRA court denied Debois' petition. Debois filed a timely *pro se* appeal, and

the PCRA court appointed current counsel ("fourth PCRA counsel"). Both Debois and the PCRA court have complied with Appellate Rule 1925.[4]

Debois wished to raise the following issue on appeal:

1. Whether the [PCRA court] abused its discretion when it dismissed [Debois'] PCRA Petition asserting that plea counsel provided ineffective assistance where the advice given by plea counsel was not constitutionally sound?

*Turner*/*Finley* Brief at 6.

Before we address the merits of this claim, however, we must first determine whether PCRA counsel's filing complies with the procedural requirements of *Turner* and *Finley*. A *Turner*/*Finley* "no merit" letter must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless.

---

[4] Fourth PCRA counsel entered his appearance on May 20, 2024, and the PCRA court entered its order directing counsel to file a Rule 1925(b) statement on September 20, 2024. We note that when counsel intends to file a *Turner*/*Finley* letter and ask this Court to withdraw he should file have a statement of intent to withdraw in lieu of filing a Rule 1925(b) Statement. *See* Pa.R.A.P. 1925(c)(4). On September 29, 2024, counsel filed a Rule 1925(b) statement on Debois' behalf in which counsel raised the one claim cited above.

The next day, Debois filed a *pro se* Rule 1925(b) statement in which he made seven general statements as to how the PCRA court abused its discretion in dismissing his petition. Out of abundance of caution, both the PCRA court and fourth PCRA counsel address these *pro se* "issues." We will not do the same. Pursuant to the bar against hybrid representation, Debois' "issues" are a legal nullity. *See generally*, *Commonwealth v. Ali*, 10 A.3d 282 (Pa. 2010).

*Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted). "Counsel must also send a copy of the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. *Id.* If these requirements are met, "we then conduct an independent review of the petitioner's issues." *Id.*

Here, fourth PCRA counsel has substantially complied with the *Turner*/*Finley* requirements. Counsel included a copy of a letter he addressed to Debois informing him of counsel's motion to withdraw, attaching the brief, and explaining to Debois his right to retain private counsel or proceed *pro se*. Debois has not filed a response. Given fourth PCRA counsel's compliance, we must now determine if counsel's assessment of Debois' appeal is supported by our review of the record.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to

- 6 -

relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014).

Debois asserts plea counsel's ineffectiveness caused him to enter an unlawful plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Regarding claims of ineffectiveness in relation to the entry of a plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations

- 7 -

of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the

circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Here, Debois claimed that plea counsel was ineffective for failing to investigate his case to establish that he did not act with malice. *Turner*/*Finley* Brief at 21. Debois further asserted that plea counsel should not have let him pled guilty when he was incompetent, and that his plea was not voluntarily, knowingly and intelligently entered. *Id.*

The PCRA court first found no merit to Debois' claim that plea counsel was ineffective for failing to investigate his case:

> [Debois] alleges that the court abused its discretion in dismissing [his] PCRA petition. Specifically, [Debois] asserts "that plea counsel provided ineffective assistance where the advice given by plea counsel was not constitutionally sound." This issue is meritless. The record proves both that [the PCRA] court acted within its discretion in denying [Debois'] PCRA [petition] and simultaneously belies any indication that plea counsel provided [Debois] with advice that was not constitutionally sound.
>
> ***
>
> [Debois] filed his [Rule 907 response] amended PCRA petition on December 15, 2023, and appears to raise a claim of ineffective assistance on [plea counsel's] behalf for failing to investigate allegations that Ms. Pitman violated restraining orders [Debois] allegedly had against her, as well as the incident being a "back and forth fighting" rather than an attack on Ms. Pitman. [These] claims . . . were reviewed by the court and determined to be meritless. [Debois'] matter was reviewed by four separate [PCRA counsel]. Not one of these attorneys found merit in any alleged claims that Ms. Pitman's death was the result of "back and forth fighting" due to Ms. Pitman violating any restraining orders. The court neither found nor was [it] provided with evidence that [Debois] had any restraining orders against Ms. Pitman.
>
> ***

> Considering that [Debois] went to Ms. Pitman's apartment, used a blunt object to beat her, strangled her with his own hands, and then inflicted wounds upon his own arms, his claim that Ms. Pitman violated restraining orders and engaged in "back and forth fighting" was completely contradicted by the record.

PCRA Court Opinion, 10/9/24, at 8-12 (excess capitalization and footnote omitted).

Next, the PCRA court explained that plea counsel provided effective assistance and proper advice because entering a guilty plea eliminated the possibility of a longer sentence if Debois had gone to trial and been convicted on multiple charges. The court stated:

> While it is true that had [Debois] gone to trial instead of pleading guilty that [plea counsel] could have made good use of [Debois'] mental health to have [Debois] found not guilty of first-degree murder, [plea counsel] cannot be found ineffective for helping [Debois] enter the negotiated guilty plea. This was not a case where the identity of Ms. Pitman's killer was unknown. Not only did [Debois] admit to detectives that he had killed Ms. Pitman, but both his [*pro se* PCRA petition and Rule 907 response] admit that he in fact caused Ms. Pitman's death, albeit baselessly alleging that he and Ms. Pitman had engaged in "back and forth fighting."

> Additionally, the negotiated plea agreement ensured that [Debois] would only be sentenced for third-degree murder. Prior to the plea, [Debois] faced six other charges, two of which were felonies and all of which were *nolle prossed* as part of the plea agreement. The two *nolle prossed* felonies were robbery – infliction of serious bodily injury, a first-degree felony and involuntary deviate sexual intercourse by forcible compulsion. On these two felonies along with third-degree murder, [Debois] faced a maximum sentence of 40-80 years' incarceration, not counting the sentences he could have received on his misdemeanors.

> \*\*\*

> Considering that a maximum consecutive [sentence] on these three felonies alone would have effectively been a life

- 10 -

sentence for [Debois] due to his age, [plea counsel's] decision to negotiate a plea agreement cannot be interpreted as ineffective. The negotiated plea resulted in a much lower sentence of 15 to 30 years' incarceration on one count of third-degree murder.

PCRA Court Opinion, 10/9/24, at 14-15 (excess capitalization and citations omitted).

Our review of the record supports the PCRA court's conclusion. As also noted by the PCRA court, in this Court's 2022 decision, although we vacated and remanded because of several procedural irregularities, this Court determined that the totality of the circumstances, including Debois' oral and written colloquies, amply supported the conclusion that Debois knowingly and voluntarily entered his third-degree murder guilty plea. *See Debois*, *supra*, at 2-3. We reach the same conclusion in this appeal.

In sum, upon our independent review of Debois' claim that plea counsel's ineffectiveness induced him to plead guilty, we agree with fourth PCRA counsel that the claim is wholly frivolous. Thus, we grant counsel's motion to withdraw and affirm the PCRA court's order denying Debois post-conviction relief.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/12/2025

- 11 -